# United States District Court
## District of New Mexico

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **JUDGMENT IN A CRIMINAL CASE** |
| V. | |
| **ANTHONY BYRON BARELA** | |
| | (For Offenses Committed On or After November 1, 1987) |
| | Case Number: **1:01CR00864-001LH** |
| | Defense Attorney: **Michael V. Davis, Esq. (Appointed)** |

**THE DEFENDANT:**

☒ pleaded guilty to count(s)  **3 and 4 of Indictment**
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC 2113(a)/(d) | Armed Bank Robbery | 04-27-01 | 3 |
| 18 USC 2113(a)/(d) | Armed Bank Robbery | 05-24-01 | 4 |

The defendant is sentenced as provided in pages 1 through **4** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
☒ Count(s)  **1 & 2**  are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: **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**
Defendant's Date of Birth: **06-14-58**
Defendant's USM No.: **18741-051**
Defendant's Residence Address:
**4415 San Isidro NW**
**Albuquerque, New Mexico 87107**

Defendant's Mailing Address (if different from residence):

**02-12-02**
Date of Imposition of Judgment

**/s/ C. LeRoy Hansen**
Signature of Judicial Officer

**Honorable C. LeRoy Hansen**
**United States District Judge**
Name & Title of Judicial Officer

**February 22, 2002**
Date

DEFENDANT:     **ANTHONY BYRON BARELA**

CASE NUMBER:  **1:01CR00864-001LH**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of  **63 months**  .

**This term is imposed as to Counts 3 and 4, said terms shall run concurrently.**

☒ The court makes the following recommendations to the Bureau of Prisons:

**service of sentence at Federal Correctional Institution Florence, Florence, Colorado with participation in a 500 hour drug treatment program.**

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ a.m./ p.m. on _____

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

at _____ , with a Certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

DEFENDANT: **ANTHONY BYRON BARELA**

CASE NUMBER: **1:01CR00864-001LH**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **5 years**
**This term is imposed as to Counts 3 and 4, said terms shall run concurrently.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the courts determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

☒ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below) . The defendant shall also comply with the additional conditions on the attached page (if indicated below).

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer,
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: **ANTHONY BYRON BARELA**

CASE NUMBER: **1:01CR00864-001LH**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant shall participate in and successfully complete a substance abuse treatment program, which will include drug testing, outpatient counseling, or residential placement, as approved and directed by the United States Probation Officer.**

**The defendant shall refrain from the use and possession of beer, wine, liquor, and other forms of intoxicants.**

DEFENDANT: **ANTHONY BYRON BARELA**
CASE NUMBER: **1:01CR00864-001LH**

Judgment - Page 4 of 4

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments.

☐ Remitted

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 200.00 | $ | $ 7,902.00 |

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A ☐ in full immediately; or

B ☒ $ **200.00** immediately, balance due (see special instructions regarding payment of criminal monetary penalties):

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

**Special instructions regarding the payment of criminal monetary penalties:**

**Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U. S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

**A special assessment of $100.00 is imposed as to Counts 3 and 4, for a total of $200.00.**

**It is further ordered that the defendant must make restitution payable to the United States District Court Clerk, to be disbursed to Wells Fargo Bank of New Mexico, 7827 4th Street NW, Albuquerque, New Mexico in the amount of $1,955.00; Bank of the West, 6125 4th Street NW, Albuquerque, New Mexico in the amount of $1,431.00; Bank of America, 2620 Carlisle NE, Albuquerque, New Mexico in the amount of $2,199.00; Bank of the West, 6125 4th Street NW, Albuquerque, New Mexico in the amount of $2,317.00.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.